IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MAUREEN YALLUM,                )
                               )
        Plaintiff,              )
                               )
     v.                         )   Civil No. 12-823
                               )
THE MEADOWS RACETRACK &         )
CASINO,                         )
                               )
        Defendant.              )


REPORT AND RECOMMENDATION

I. Recommendation

Presently before the Court is Defendant's, The Meadows Racetrack and Casino's ("the Meadows"), motion to dismiss count II of Plaintiff's, Maureen Yallum's ("Yallum"), amended complaint (Doc. # 9). For the reasons that follow, it is respectfully recommended that Defendant's motion be denied.


II. Report

  A. Factual and Procedural History

Yallum originally filed this wrongful discharge action in the Court of Common Pleas of Washington County on May 23, 2012. Based upon the alleged violations of federal law raised in the complaint, the Meadows filed a notice of removal to this Court.

1

On June 25, 2012, the Meadows filed a motion to dismiss count II of the complaint citing Yallum's alleged failure to exhaust her administrative remedies with respect to her claim for purported disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 121012, et seq. ("ADA"). Specifically, the Meadows asserted that Yallum had not pled that she received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to filing an ADA claim in federal court.

Yallum responded to the Meadow's motion by filing an amended complaint and made the following averment concerning exhaustion of her administrative remedies:

> Plaintiff has exhausted all of her administrative remedies pursuant to both her federal claims with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and the appropriate right to sue letter referencing her PHRC and EEOC claim is attached as "Exhibit 1."

Am. Compl. ¶ 20 (Doc. # 7). Exhibit 1 is a January 27, 2012 letter from the Pennsylvania Human Relations Commission ("PHRC") advising Yallum that, one year having elapsed from the date she filed her complaint with the PHRC, she now had the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the Pennsylvania Human Relations Act ("PHRA"). The subject line of the PHRC letter

referenced both the PHRC and EEOC case numbers.

The Meadows has filed a motion to dismiss the amended complaint, contending that Yallum has not cured the original complaint's deficiency concerning exhaustion of administrative remedies as regards her ADA claim.

B. <u>Standard of Review</u>

The United States Supreme Court opinions in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007) and, more recently, in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. With the Supreme Court instruction in mind, the Court of Appeals for the Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." <u>Iqbal</u>, 129 S. Ct. at 1950. That is, a complaint must do more than allege the

entitlement to relief; its facts must show such an entitlement. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

C. Discussion

Before an ADA action can be filed in federal court, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC. 42 U.S.C. § 2000e; Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999). If the EEOC does not resolve the matter within 180 days, the agency must issue a right-to-sue letter or the complainant may request a letter. McNasby v. Crown Cork and Seal Co., Inc., 888 F.2d 270, 274 n. 3 (3d Cir. 1989). The plaintiff has ninety days from receipt of the right-to-sue letter to file a lawsuit in federal district court. 42 U.S.C. §§ 2000e-5(f)(1), (f)(3).

The Meadows asserts that count II of Yallum's complaint must be dismissed because she has failed to make the prerequisite showing that she exhausted her administrative remedies with respect to her ADA claim, specifically, that she has not demonstrated that she received a right to sue letter from the EEOC. The Meadows further argues that the right to sue letter issued by the PHRC is not sufficient to satisfy her obligation in this regard because it does not denote final agency action by the EEOC.

Yallum responds that she has met her burden regarding

exhaustion because the PHRC right to sue letter cross-references the EEOC claim. She also argues that caselaw, specifically, Black v. Brown University, 555 F.Supp. 880 (D.R.I. 1983), indicates the lack of an official right to sue letter is not an absolute bar to filing a claim under the ADA, but rather is a condition precedent that is subject to the equitable powers of the Court. Finally, and burying the lead, Yallum informs that she requested and, on August 21, 2012, received a right to sue letter from the EEOC.

While procurement of a right to sue letter from the EEOC is a condition precedent to filing an ADA suit, the failure to obtain notice of the right to sue is a curable defect. Tlush v. Manufacturers Resource Center, 315 F.Supp.2d 650, 654-55 (E.D.Pa. 2002)(citing Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984))(issuance of right to sue letter is statutory requirement that does not deprive district court of jurisdiction and may be satisfied by issuance of letter after complaint has been filed). See also Molthan v. Temple University, 778 F.2d 955, 960 (3d Cir. 1985) (district court did not abuse discretion in considering retaliation claim where EEOC issued right to sue letter after complaint was filed but before trial began).

In its January 27, 2012 letter, the PHRC informed

5

Yallum that, a year having passed since she filed her complaint with the Commission, she had the right to bring an action on the alleged violations of the PHRA in the appropriate state court. On, June 18, 2012, Yallum commenced this action by filing a writ of summons in the court of common pleas as was appropriate. The Meadows then removed the action to this Court by invoking our subject matter jurisdiction. After taking this action, the Meadows alleged lack of federal jurisdiction.

Although Yallum filed suit before receiving a right to sue letter from the EEOC, she received such a letter on August 21, 2012, not only prior to going to trial, but before any discovery has commenced in this matter. Yallum's receipt of a right to sue letter at this early stage of the lawsuit is sufficient to cure her failure to obtain the letter before seeking relief in federal court.

D. Conclusion

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Meadows's motion to dismiss count II of the amended complaint (Doc. # 9) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the

date of service of the objections to respond thereto.  Failure to file timely objections may constitute waiver of any appellate rights.

Dated: November 5, 2012          Respectfully submitted,

                                 s/Robert C. Mitchell
                                 Robert C. Mitchell
                                 United States Magistrate Judge